Mason<br>*v.*<br>Thompson<br>and Tr.

## Thaddeus Taylor *et al.* *versus* The County Commissioners of Hampden.

Where public notice of a meeting of the county commissioners for the purpose of locating a highway and assessing the damages, was given in the manner prescribed by *St.* 1828, *c.* 103, § 3, [Revised Stat. *c.* 24, § 2, 6,] it was *held*, that it was sufficient as against the heirs of a person over whose land the highway was laid out, although such person died four days before the meeting, out of the Commonwealth, and none of the heirs resided, at that time, within the Commonwealth, or had actual notice.

Petition for a certiorari. The petitioners were Thaddeus Taylor and Lydia his wife, and Caroline Flower, all of Suffield in Connecticut, and Eli Warner and Frances his wife, of Springfield. The petition set forth, that Lydia, Caroline, and Frances, were the only heirs at law of Robert R. Flower, late of Springfield, deceased ; that on the 9th of April, 1833, Benjamin Jenks and others petitioned the county commissioners of Hampden county, to establish a highway extending from near the old Chicopee Bridge, in Springfield, to the Boston road in that town or Wilbraham ; that on the second Tuesday of June, 1834, the commissioners, having adjudged such road to be of common convenience and necessity, passed an order, that they would meet on the 11th of November, 1834, for the purpose of locating the road, and hearing all persons interested in relation to damages, and that due notice thereof should be given to all persons interested, by advertisement, &c., fourteen days before the meeting ; that such order was duly executed ; that o the 11th of November, the commissioners proceeded to lay out the highway in part over the land of the heirs of Robert R. Flower, and awarded to such heirs the sum of ten dollars as their share of damages ; that Flower, who was in full life when the road was adjudged to be of common convenience and necessity, was confined by sickness at the house of his

father-in-law, in Suffield, from the 1st of November, until his death, which occurred on the 7th of the same month, being four days previous to the day on which the road was located, and the hearing had as to damages ; that the petitioners who were the only persons interested in the estate of the deceased, all resided in Suffield until May 14, 1835, and had no notice of the laying out of the road, or of the assessment of the damages, until after the expiration of the time, within which Robert R., if he had been living, ought to have applied for a jury, as the law in such case provides ; and that the damage by them actually sustained, amounted to the sum of $200.

The petition further set forth, that at the first meeting of the county commissioners after the petitioners had notice of the location of the road and of the assessment of the damages, they presented their petition to the commissioners for a jury or for other relief in the premises, but the commissioners refused to sustain the petition, by reason of there having been one session previous thereto and subsequent to the location of the road. The petitioners, therefore, prayed the Court to cause the records, proceedings, &c., of the commissioners to be certified to them, to the end that the proceedings might be quashed.

*Sept. 29th.*      *Wells* and *Willard*, for the petitioners, cited *Wallop* v. *Irwin*, 1 Wilson, 315 ; *Scott* v. *Dickinson*, 14 Pick. 276, and cases cited ; *Commonwealth* v. *Coombs*, 2 Mass. R. 489 ; *Commonwealth* v. *Egremont*, 6 Mass. R. 491 ; *Commonwealth* v. *Cambridge*, 7 Mass. R. 158.

*W. Bliss* and *Crooks*, for the respondents.

*Sept. 30th.*      SHAW C. J. delivered the opinion of the Court. The specific object of this petition is to set aside the proceedings of the county commissioners, in locating and laying out, without due notice to the petitioners, a highway, which had been previously adjudged to be of common convenience and necessity. The petitioners state, that they are the heirs of Robert R. Flower, who died seised of an estate over which the highway passes, that very soon after notice was given by the commissioners fixing a time for laying out and locating the highway, Flower was confined by sickness at Suffield in Connecticut, and that he died four days before the day fixed for the location ; and they also state, that at that time they were residing at

Suffield, out of this Commonwealth. They insist, that on this account there was no person who could take notice of the proceedings of the commissioners, and represent their estate, and that in regard to that estate, the proceedings were *ex parte.* It is insisted on the part of the commissioners, that the petitioners had notice in fact, in sufficient season to have applied for a jury, or had some other revision of the proceedings : but we have not thought it necessary to go into that part of the case.

By *St.* 1827, *c.* 77, § 7, the commissioners are required to give notice to all persons interested, by various published notices, as therein particularly stated, before proceeding to adjudge a highway prayed for, to be of common convenience and necessity. By *St.* 1828, *c.* 103, § 3, when the commissioners shall have determined on the common convenience and necessity of laying out a highway, before they proceed to locate the same, they shall give the like notice required to be given before proceeding to view the route.

It is not denied, that in the present case the commissioners gave notice conformably to this last requisition. The complaint is, that Flower having died four days before the location, and the heirs being out of the Commonwealth, no notice, in fact, was had by the party interested.

The Court are all of opinion, that this objection to the proceedings cannot be sustained. Had the legislature intended that every proprietor over whose land the way passes should have personal notice, the statute would have so directed. But it is obvious to perceive what difficulties would arise from requiring the commissioners, who are public officers, charged with public duties, to ascertain the titles of all the lands traversed by the highway intended to be located, and on peril of rendering their proceedings erroneous, to give notice to the right person. We think the legislature intended to provide for a mode of constructive notice, which should bind all persons, by whatever titles they should hold, whether resident or non-resident, and whether they had long held their estates, or acquired them during the pendency of the proceedings. It may sometimes happen, that actual notice may not be received, but the legislature must have considered, that on the whole, it

would operate to save the rights of parties, for all practical purposes. It is made constructive notice by force of the statute, and is to have the force and effect of actual notice.

In the present case, the petitioners, as heirs of Flower, immediately on his decease, became seised of the estate by descent, and might have appeared before the commissioners. If they did not, in fact, have notice of the proceedings, before the actual location of the highway, or before the assessment of the damages, by the commissioners, it was a misfortune arising from the operation of the law, not from any default or error of the commissioners, and it cannot, therefore, affect the validity of their proceedings.

*Petition dismissed.*